The State v. Willoughby.

---

THE STATE v. WILLOUGHBY, *Appellant.*

1. **Guardian, etc., Defiling Infant Female.** It is no defense to a charge against a guardian, etc., of carnally knowing a female under the age of eighteen years confided to his care, to show that such carnal knowledge was had with her consent.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE The Supreme Court will not reverse a judgment for refusal of the trial court to grant a new trial asked on the ground of newly discovered evidence, when such evidence is merely cumulative and only tends to impeach.

*Appeal from Jasper Circuit Court.*—HON. J. D. PARKINSON, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—Defendant was indicted in the circuit court of Jasper county for defiling a female under the age of eighteen years confided to his care and protection. He was put upon his trial at the July term, 1879, of said court and found guilty, and his punishment assessed at a fine of $175 and imprisonment in the county jail for eleven months.

The indictment is framed on the following section of 1 Wagner's Statutes, page 500, section 9 : "If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her by carnally knowing her, he shall in cases not otherwise provided in this chapter, be punished by imprisonment in the penitentiary not less than two years, or by imprisonment in a county jail not less than- six months, and a fine not exceeding $1,000." The indictment charges sufficiently and fully in the language of the statute the offense defined in said section, and as there were no exceptions saved to the reception or rejection of evidence, and as there was evidence tending to establish the fact that defendant committed the offense alleged against him, we have nothing to consider but the propriety of the action of the circuit court in overruling defendant's motion for a new trial, in which it is averred that the court erred in its instructions and that defendant since the trial had discovered new and important evidence which would change the result.

We find no objections to the instructions given which would sanction our interference with the judgment. The jury were told in them that before they could find defendant guilty they must believe that Emma Berthel was a female under the age of eighteen years, and that she had been confided to the care and protection of defendant, and that defendant had carnal knowledge of her body, or sexual intercourse with her, and that it made no difference that such intercourse was had with her consent.

The newly discovered evidence disclosed by the affidavits accompanying the motion for a new trial is merely cumulative in its character, and tended only to impeach the witnesses on the part of the State, and such newly discovered evidence is not sufficient to warrant this court in reversing the judgment of the trial court in refusing to grant a new trial on that ground. The judgment is affirmed, in which all concur.